SUMMARY ORDER

Chen Duan Ren, a native and citizen of the People’s Republic of China, seeks review of a March 12, 2007 order of the BIA denying his motion to reopen. In re Chen Duan Ren, No. A73 168 573 (B.I.A. Mar. 12, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As an initial matter, Ren’s motion to supplement the record is denied, because we decide the petition for review based only on the administrative record that was before the BIA. See 8 U.S.C. § 1252(b)(4)(A).
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir.2006).
*720 The BIA did not abuse its discretion in denying Ren’s motion to reopen, because, as it found, Ren failed to establish an exception to the time limit for such motions. A motion to reopen must be filed within ninety days of the issuance of a final administrative order of removal. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Ren’s motion to reopen was untimely. The time limitation, however, does not apply if the motion is filed in order to apply for asylum or withholding of removal on the basis of changed circumstances in the applicant’s country of nationality. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(h).
Ren argues that he established changed circumstances because he has been baptized in the United States and attends Christian services, and therefore would be imprisoned if returned to China because of his religious activities. He further asserts that he would be persecuted by the Chinese government because he married a Chinese asylee in the United States, an action which would be perceived as anti-government.
The BIA properly found that Ren’s conversion to Christianity and marriage to an asylee constitute changes in his personal circumstances, not changed circumstances in China warranting an exception to the filing deadline for motions to reopen. See Wei Guang Wang v. BIA, 437 F.3d 270, 273 (2d Cir.2006); Jian Huan Guan v. BIA, 345 F.3d 47, 49 (2d Cir.2003).
Ren identifies nothing in the record demonstrating that circumstances in China have changed for Christians and persons married to asylees since his hearing before the IJ. See 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(h). He submitted an excerpt from the 2005 U.S. State Department Country Report on Human Rights Practices in China, but that document does not indicate that the Chinese government targets persons in Ren’s particular circumstances. Ren submitted letters from friends and family in support of his motion, but none of the letters demonstrates that conditions in China have worsened since 1997. Moreover, the BIA properly declined to assign any probative weight to these letters, in light of the underlying adverse credibility determination that remains unchallenged in Ren’s case. See Qin Wen Zheng v. Gonzales, 500 F.3d 143, 147 (2d Cir.2007).
Construed broadly, Ren’s pro se brief argues that he may nevertheless file a successive asylum application on the basis of changed personal circumstances pursuant to 8 U.S.C. § 1158(a)(2)(D). This argument, however, is foreclosed by our decision in Yuen Jin v. Mukasey, 538 F.3d 143, 156 (2d Cir.2008).
For the foregoing reasons, the petition for review and the motion to supplement the record are DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).